IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY LEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00454 |
| ) | Judge Campbell / Frensley |
| TRACY LANGSTON FORD, INC., ) | |
| MICHAEL URQUHART, ROBERTSON ) | |
| COUNT, TENNESSEE, BRANCH BANKING ) | |
| AND TRUST, INC., AND CORPORATION ) | |
| SYSTEM, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

Pending before the Court are four Motions to Dismiss: the first, filed by Defendant Branch Banking and Trust, Inc. ("BB&T")(Docket No. 40); the second, filed by Defendant Michael Urquhart (Docket No. 44); the third, filed by Defendant Tracy Langston Ford, Inc. ("Ford, Inc.") (Docket No. 47); and the fourth, filed by Defendant Robertson County, Tennessee (Docket No. 48).[1] Defendants Branch Banking and Trust and Robertson County, Tennessee have additionally filed supporting Memoranda of Law. Docket Nos. 41, 49. Because the primary grounds asserted for dismissal are the same for each Defendant, the undersigned will analyze the four pending Motions to Dismiss together.

---

[1] There is no indication in the Record that Corporation System has been served. Additionally, no attorney has entered an appearance on behalf of Corporation System; Corporation System is not a party to any of the four pending Motions; and nothing has been filed on behalf of Corporation System.

Plaintiff has filed a Response in opposition to Defendant Branch Banking and Trust, Inc.'s Motion to Dismiss (Docket No. 45), a joint Response in opposition to Defendants Tracy Langston Ford, Inc.'s and Michael Urquhart's Motions to Dismiss (Docket No. 51), and a Response in opposition to Defendant Robertson County, Tennessee's Motion to Dismiss (Docket No. 55).

Plaintiff filed his pro se Amended Complaint in this action on September 24, 2018, essentially alleging that Defendants violated his rights because Defendant Ford, Inc. had obtained a judgment against him individually in the General Sessions Court for Robertson County, Tennessee, then Defendant Ford, Inc. and its attorney Defendant Urquhart initiated post-judgment actions against him including obtaining a body attachment and then levied the business bank account of The Cowtown Foundation, Inc. (of which Plaintiff serves as President in charge of day-to-day operations) by representing to Defendant BB&T that the bank account belonging to The Cowtown Foundation, Inc. was a "DBA" account for Plaintiff, resulting in Defendant BB&T subsequently sending the money belonging to The Cowtown Foundation, Inc. to the Robertson County Clerk thereby depriving The Cowtown Foundation, Inc. (which was not a party to any suit with Defendant Ford, Inc.) necessary funds with which to operate. Docket No. 14. Plaintiff's Amended Complaint alleges the following causes of action: "Tortious Interference of a Contract and Business Relations," "Intentional Misrepresentation," "Fair Debt Collection Practices Act," "42 U.S. Code § 1981 - Third Party Beneficiary," "42 U.S. Code § 1983," "42 U.S. Code § 1985(2)," and "Breach of Fiduciary Duty." *Id.* Plaintiff seeks a declaratory judgment, temporary restraining order, and preliminary injunction, as well as "actual damages, punitive damages, treble damages, compensatory damages, and any other relief deems fit." *Id.*

Plaintiff notes that he "expects damages to be more than $75,000." *Id.*

Defendants assert that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because: (1) the Rooker-Feldman Doctrine bars Plaintiff from appealing the General Sessions Court decision to this Federal Court and Plaintiff cannot evade the Rooker-Feldman Doctrine by calling his grievance a constitutional claim; (2) Plaintiff has failed to plead facts which would support a §1981 claim; (3) Plaintiff's claim is barred by collateral estoppel and res judicata; (4) Plaintiff fails to state a cognizable individual claim and he cannot represent the interests of The Cowtown Foundation, Inc.; (5) Plaintiff fails to plead facts sufficient to support a §1983 claim; (6) Plaintiff has failed to comply with Fed. R. Civ. P. 4; and (7) Plaintiff cannot sustain his §1985(2) claim against Robertson County, Tennessee because there is no respondeat superior liability and Plaintiff has failed to allege that any alleged wrongdoing was caused by an official Robertson County policy, practice, or custom. Docket Nos. 40, 41, 44, 47, 48, 49.

Regarding his federal claims,[2] Plaintiff responds, *inter alia*, that collateral estoppel, res judicata, and the Rooker-Feldman doctrine do not apply to his case because the action in the General Sessions Court was a petition for declaratory judgment and injunctive relief, while this action seeks monetary damages as a third party beneficiary as the authorized signatory to The Cowtown Foundation, Inc. Docket No. 45. He further asserts that, as here, when there is "some other source of injury, such as a third party's actions, then the plaintiff asserts an independent

---

[2] Because the undersigned finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to his federal claims, the undersigned recommends that this Court decline to exercise supplemental jurisdiction over his state law claims. Accordingly, the undersigned will not recount Plaintiff's arguments related to his state law claims.

3

claim." *Id.* Plaintiff additionally argues that The Cowtown Foundation, Inc. was never a party to an action in the Robertson County General Sessions Court and no action mandating monetary damages as a third party beneficiary to the business banking contract held by BB&T has been litigated on the merits such that the state court proceedings were not judicial in nature, and further argues that, as the authorized signatory of the business contract and president of the corporation, he meets the criteria of a third party beneficiary, such that he can "escape the grasp of the Rooker-Feldman doctrine." *Id.* Plaintiff argues that he does not seek reversal of the state court judgment against him individually, but rather, complains of the "fraud committed against a non party of the state court action and the lack of due process against the non party of the suit" because the corporation had the right to file exemptions that would have protected its corporate assets from a levy action. *Id.* Plaintiff maintains that there is no need to inquire about whether the claim here presented is identical to or inextricably intertwined with a previously decided state court claim since this is a claim about conduct occurring after a state court decision and the "temporal sequence forecloses the applicability of Rooker-Feldman." *Id.* Plaintiff notes that The Cowtown Foundation, Inc. was initially chartered in Kentucky in 2008 and moved to get Tennessee articles of incorporate in 2016, and he argues that when The Cowtown Foundation, Inc. was reinstated after administrative closure, the reinstatement relates back and takes effect as of the date of the administrative dissolution, and "the corporation resumes carrying on its business as if the administrative dissolution had never occurred." Docket No. 51.

As to his § 1981 claim, Plaintiff maintains that Defendant BB&T knew that he was a member of a protected class and that the business banking account at issue was not a DBA account, such that it discriminated against him when it paid the levy against him individually

4

from the business account to the Robertson County Court. Docket No. 45. Plaintiff contends that Defendant BB&T "does not indulge in the same business practices with similarly situated white people that own corporations." *Id.*

Regarding the issue of standing, Plaintiff argues that he has standing to bring this action because he is the authorized signatory of the business checking account for The Cowtown Foundation, Inc. and because "it is uncontested that [he] is an employee of The Cowtown Foundation, Inc. [and that] what little income [he] draws confers the standing to bring this suit." Docket No. 51. Addressing Plaintiff's due process arguments, Plaintiff maintains that The Cowtown Foundation, Inc. was never served and that this lack of service and "opportunity to defend the action [] was a direct violation of the due process clause of the Fifth Amendment." *Id.* Plaintiff notes that Defendant Urquhart did not file a motion or send a letter to The Cowtown Foundation, Inc. requesting garnishment for Plaintiff as an individual. *Id.*

With respect to Plaintiff's § 1983 claim, Plaintiff contends that Defendants are named as conspirators who "conspired or colluded 'for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory," such that he can sustain his claims. *Id.* Plaintiff notes that "Robertson Co. and Sheriff Bill Holt are considered state actors" and Plaintiff states that he "will bring the sheriff back into the instant action within the prescribed year statute." *Id.*

As to Defendants' res judicata arguments, Plaintiff responds that he is not challenging the default action or the amount in the state court case, but rather, is "alleging fraud and misrepresentation by representing to co-defendant BB&T that the business banking account was a "DBA" account in order to levy the funds from a corporate account that was not part of the

5

state court judgment in the post judgment levy." *Id.* Plaintiff argues that Defendant Urquhart "misrepresented on the unlawful levy of the business bank account before any hearing took place" and he contends that Defendant Urquhart "sent a subpoena to the private bank without sending a subpoena to the corporation so that the corporation could fight it," which "created an unfair advantage in order to get an order of commingling in his favor," since "the corporation at no point and time [*sic*] had an opportunity to be heard on this claim." *Id.* Plaintiff contends, "At no time was The Cowtown Foundation, Inc. served a summons or party to any suit involving defendant Michael Urquhart or his client, Tracy Langston Ford. Therefore the Robertson Co. Court lacked jurisdiction to attach a post judgment levy against The Cowtown Foundation, Inc." such that "res judicata does not apply." *Id.* Plaintiff reiterates his assertion that Defendants Urquhart and Ford have never been a party to an action in which The Cowtown Foundation, Inc. was a party and "their actions to misrepresent the corporate status to the private bank constituted an [*sic*] wrongful levy. Therefore, the principles of res judicata does [*sic*] not apply." *Id.*

Regarding his claims against Defendant Robertson County specifically, Plaintiff responds that he has "plainly asserted a possible Fourth and Fourteenth Amendment violation" because: (1) Robertson County did not send Plaintiff a letter to appear in court; (2) Robertson County had the Sheriff issue a body attachment for Plaintiff's arrest for contempt of court; (3) Robertson County "gave the co[-]defendant the $500 for fees for co-defendant Urquhart. Basically acting as an enforcer for civil extortion"; and (4) Robertson County did not give a hearing prior to the body attachment being issued for contempt. Docket No. 55. Plaintiff argues that in issuing the body attachment, Robertson County did not follow the "rules that the courts must follow." *Id.* Plaintiff further argues that he has alleged a conspiracy between Defendant Robertson County

and Defendant Urquhart, and that said conspiracy should survive the instant Motions to Dismiss. *Id.*

For the reasons discussed below, the undersigned finds that Plaintiff's claims are barred by the Rooker-Feldman doctrine. Additionally, as this Court has already held, Plaintiff cannot represent the claims of a corporation. Moreover, Plaintiff's Amended Complaint does not demonstrate that his constitutional rights have been violated and fails to sufficiently plead claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C., §1985(2), or 15 U.S.C. § 1692k, such that those claims should be dismissed. Finally, because the undersigned recommends dismissal of Plaintiff's federal claims, the undersigned further recommends that this Court not exercise pendent jurisdiction over Plaintiff's state law claims. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 40, 44, 47, and 48) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II. Facts

### A. Factual Allegations Regarding Federal Claims in Plaintiff's Amended Complaint[3]

#### 1. 15 U.S.C. § 1694k

Defendant Urquhart is a debt collector by profession and trade with a law degree from the Nashville School of Law, who submitted an application for the levy at issue to the General Sessions Court of Robertson County, Tennessee. Docket No. 14, ¶¶ 4, 16.

---

[3] As has been noted, because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to his federal claims and this Court should decline to exercise supplemental jurisdiction over his state law claim, the undersigned will not recount Plaintiff's arguments related to his state law claims.

**2. 42 U.S.C. § 1981**

Plaintiff is a black male and a member of a protected class. *Id.*, ¶ 20. Plaintiff is the president and lone authorized signer of the business bank account for The Cowtown Foundation, Inc., a Tennessee Corporation. *Id.,* ¶ 21. The Cowtown Foundation, Inc. has a contract with Defendant BB&T Bank to conduct normal business banking and all "normal activity that is granted to and by the authorized signer." *Id.*, ¶ 19. Defendant BB&T paid the levy at issue out of said account, which impacted Plaintiff individually because "he was the authorized signer on the account and a third party beneficiary to the business account" and which "ultimately shut down any way that Corey Lea individually was to grow the company in which he had control over." *Id.*, ¶¶ 22, 23.

**3. 42 U.S.C. § 1983**

Plaintiff avers that his "right to due process under the 4th amendment and 5th amendment due to the body attachment, was violated by [the] failure of defendant Michael Urquhart to properly serve him." *Id.*, ¶ 26.

**4. 42 U.S.C. § 1985(2)**

Plaintiff was arrested via body attachment with $500 bond for show cause on a hearing for which he was not served or given notice. *Id.*, ¶ 30(a). The General Sessions Court Clerk disbursed the money before the hearing was set and appealed. *Id.* Defendants Urquhart and Ford, Inc. indicated that the business bank account belonging to The Cowtown Foundation, Inc. was a "DBA" account "to levy the account of a non-party to previous judgment." *Id.*, ¶ 30(b). Defendants Urquhart and Ford, Inc. got the General Sessions Judge "to use the threat of jail time of up to 180 days for contempt to force plaintiff Corey Lea to reveal the business banking

account number so that they could levy the account of a non party." *Id.*, ¶ 30(c).

**B.  Facts Contained in the Documents and Pleadings Referenced in Plaintiff's Amended Complaint**[4]

Defendant Ford, Inc., represented by Defendant Urquhart, obtained a default judgment in the General Sessions Court for Robertson County, Tennessee against Plaintiff, individually. Docket Nos. 41-1; 44-1.  The date of said judgment was September 3, 2015.  *Id.*  Plaintiff later filed a Rule 60 Motion to set aside the judgment and quash a subpoena served by Defendant Ford, Inc.  Docket Nos. 41-4; 44-3.

On December 29, 2017, Defendant Urquhart caused a bank levy to be issued on Plaintiff's bank account.  Docket No. 44-2.

On January 5, 2018, Defendant BB&T was served with a bank levy on all accounts of Corey Montez Lea.  Docket No. 41-2.  Defendant BB&T paid the account funds into the Robertson County Clerk's office for disposition of the dispute between Plaintiff and Defendant Ford, Inc.  Docket No. 41.

On January 8, 2018, Plaintiff filed an action for Declaratory Judgment and Injunctive Relief against Defendant BB&T in the General Sessions Court for Rutherford County, Tennessee, disputing Defendant Ford, Inc.'s entitlement to the funds.  Docket No. 41.  In that action, Plaintiff alleged that the bank account was a bank account for The Cowtown Foundation,

---

[4] Because Plaintiff's Amended Complaint expressly refers to these documents and pleadings, they are properly before the Court and the undersigned can consider them in connection with the instant Motions to Dismiss. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider any exhibits [attached to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss as long as they are referred to in the complaint and are central to the claims contained therein.").

Inc. and not Plaintiff's personal account. *Id.* This action was dismissed on February 16, 2018, for lack of jurisdiction. Docket No. 41-5.

Plaintiff incorporated The Cowtown Foundation, Inc. on January 19, 2018. Docket No. 41-3.

On February 1, 2018, Plaintiff's Rule 60 Motion was dismissed by the Robertson County General Sessions Court. Docket Nos. 41-4; 44-3. Plaintiff appealed the dismissal of the Robertson County General Sessions Rule 60 Motion to the Robertson County Circuit Court. Docket Nos. 41-6; 44-4. Plaintiff's appeal was denied by Order entered April 10, 2018. *Id.* The Robertson County Circuit Court ordered that the matter be remanded back to the General Sessions Court for disposition of the funds Defendant BB&T had deposited with the Clerk of Court. *Id.*[5]

On May 3, 2018, the Robertson County General Sessions Court held that Defendant Ford, Inc. was entitled to the BB&T account funds because Plaintiff had commingled funds in an attempt to hinder creditors, and the Court further found that there was no corporation in existence at the time of the bank levy. Docket Nos. 41-7; 44-6.

On May 14, 2018, Plaintiff and The Cowtown Foundation, Inc. filed a "Notice of Removal From the Robertson Co. General Sessions Court," in this Court, along with Plaintiff's initial pleading in this matter styled "Original Complaint and or Cross Complain [*sic*], Notice of Removal From Robertson Co. General Sessions - Case No. 74GS1-cv-1040-Cross Complaint, Declaratory Judgment, Temporary Restraining Order and Preliminary Injunction." Docket No. 1.

---

[5] On May 11, 2018, Plaintiff attempted to file a Notice of Appeal of the April 10 decision by the Robertson County Circuit Court, but filed it with the trial court clerk instead of the Tennessee Court of Appeals clerk. Docket No. 41-8.

On May 23, 2018, this Court entered an Order advising Plaintiff that he cannot represent the interests of The Cowtown Foundation, Inc. in a court of law. Docket No. 5. That Order further advised that any claims brought by or on behalf of The Cowtown Foundation, Inc. would be subject to dismissal if The Cowtown Foundation, Inc. did not promptly file a notice of appearance by a licensed attorney. *Id.*

On June 5, 2018, the Tennessee Court of Appeals ordered Plaintiff to show cause why his appeal should not be dismissed as untimely. Docket Nos. 41-9; 44-7. Plaintiff responded to that Order by asserting that the trial court clerk had informed him the judgment was not entered until April 11, 2018, and that the trial court clerk's online system also stated that the judgment was entered on April 11, 2018. *Id.* On June 21, 2018, the Tennessee Court of Appeals entered an Order remanding Plaintiff's appeal back to the Robertson County Circuit Court for findings of fact regarding entry of the underlying Order. *Id.* On August 16, 2018, the Robertson County Circuit Court held that Plaintiff received proper notice of entry of the April 10, 2018 Order via mail; that the Order was clearly marked and filed with the Clerk of Court on April 10, 2018; and that Plaintiff's assertion that the Order was entered on April 11, 2018 "is just not the case." Docket Nos. 41-10; 44-8. The Tennessee Court of Appeals subsequently dismissed Plaintiff's appeal and, on January 4, 2019, issued a mandate. Docket No. 44-9.

On August 17, 2018, Plaintiff filed his "First Amended Complaint," in which he removed The Cowtown Foundation, Inc. as a named Plaintiff, but left the remainder of the allegations, arguments, and conclusion identical to those in his initial Complaint. *Compare* Docket No. 14 *with* Docket No. 1.

## III. Law and Analysis

**A. Motion to Dismiss: Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of

> Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. . . . But where the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged - but it has not "show[n]" - "that the pleader
> is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B. The Rooker-Feldman Doctrine

As a threshold matter, this Court lacks subject matter jurisdiction to overturn a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman* doctrine, which essentially states that, because appellate review of state judgments is vested in the Supreme Court, it follows that such review cannot be done by lower federal courts.)

The Supreme Court has clarified the applicability of the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind
> from which the doctrine acquired its name: cases brought by state
> court losers complaining of injuries caused by state-court
> judgments rendered before the district court proceedings
> commenced and inviting district court review and rejection of
> those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

Disposition of the federal action, once the state court adjudication is complete, is governed by preclusion law. *Id.* at 293. This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F. 3d 364, 369 (6th Cir. 2008).

The Sixth Circuit has discussed the kind of injuries the doctrine precludes from review,

13

stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006). *See also, Lawrence,* 531 F. 3d at 368.

Where the source of the injury is both a state court decision and third party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is "inextricably intertwined" with the state court decision; if it is, then the *Rooker-Feldman* applies. *McCormick*, 451 F.3d at 395. An injury is "inextricably intertwined" with the state court decision when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002).

### C. Res Judicata

*Res judicata* is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action [.]" *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (alteration in original), *quoting* Black's Law Dictionary 1172 (5th ed.1979). It is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987).

### C. The Case At Bar

Taking the non-conclusory allegations of Plaintiff's Amended Complaint as true, Plaintiff alleges that Defendant Urquhart, in his representation of Defendant Ford, Inc., levied against the business account of The Cowtown Foundation, Inc., and that Defendant BB&T paid the levy from the business account of The Cowtown Foundation, Inc., thereby depriving it of funds.

Taking the submitted documents referenced in Plaintiff's Amended Complaint as true, both the Robertson County General Sessions Court and the Robertson County Circuit Court held that Plaintiff's bank account was properly levied. Additionally, the Tennessee Court of Appeals upheld the lower court's determination that the account was properly levied.

These allegations simply fail to demonstrate that Plaintiff's constitutional rights were violated and further fail to state a federal claim for which relief can be granted.

Although couched in constitutional terms, Plaintiff in the instant action essentially seeks review of the underlying decision of the Robertson County General Sessions Court judgment that he commingled personal and business funds and that the levied bank account was not a corporate bank account at the time of levy, such that both the levy and its payout were proper. Significantly, Plaintiff has already appealed this decision and lost. While Plaintiff argues that he is not claiming that the source of the injury is the state court decision, but rather, that there is another source of his injury, such as a third party's actions, such that he asserts an independent claim, the reality is that Plaintiff has filed the instant action on the same facts as underlie his state actions and his alleged federal injury is "inextricably intertwined" with his alleged state injury. Accordingly, Plaintiff's action is precluded by the Rooker-Feldman doctrine.

## IV. Conclusion

For the reasons discussed, the undersigned finds that Plaintiff's claims are barred by the Rooker-Feldman doctrine. Additionally, as this Court has already held, Plaintiff cannot represent the claims of a corporation. Moreover, as has been noted, Plaintiff's Amended Complaint does not demonstrate that his constitutional rights have been violated and fails to sufficiently plead claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C., §1985(2), or 15 U.S.C. § 1692k, such that those claims should be dismissed. Finally, because the undersigned recommends dismissal of Plaintiff's federal claims, the undersigned further recommends that this Court not exercise pendent jurisdiction over Plaintiff's state law claims. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 40, 44, 47, and 48) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge