IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COREY LEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-00454 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| TRACY LANGSTON FORD, INC.; | ) | |
| MICHAEL URQUHART; ROBERTSON | ) | MAGISTRATE JUDGE |
| COUNTY, TENNESSEE; BRANCH | ) | FRENSLEY |
| BANKING AND TRUST, INC.; AND | ) | |
| CORPORATION SYSTEM | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 56), recommending that the Court grant Defendants' Motions to Dismiss. (Doc. Nos. 40, 44, 47, and 48.) The *pro se* plaintiff filed objections (Doc. No. 57), and Defendants responded to Plaintiff's objections (Doc. Nos. 60, 61, 62, and 63). The Magistrate Judge recommends the Complaint be dismissed and the Court decline to exercise pendant jurisdiction over Plaintiff's state law claims. After a *de novo* review, and for the following reasons, Plaintiff's objections are OVERRULED and the Report and Recommendation is ADOPTED.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific

objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The relevant facts in this case are summarized by the Magistrate Judge's R&R (Doc. No. 56), and are adopted for purposes of this Order. Plaintiff filed approximately 25 pages of objections to the Report and Recommendation, which are best summarized as follows: (1) the Magistrate Judge misapplied the Rooker-Feldman Doctrine; (2) the state court determination that The Cowtown Foundation, Inc. was dissolved under Kentucky law was wrong; (3) the state court incorrectly determined The Cowtown Foundation, Inc. bank account was subject to levy for Plaintiff's personal debts; and (4) the Magistrate Judge incorrectly determined that Plaintiff had not pled facts to support claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fair Debt Collection Practices Act.

In the Amended Complaint, Plaintiff alleges that Defendant Ford, Inc. obtained a judgment against him in the General Sessions Court for Robertson County and Ford, Inc. and its attorney Defendant Urquhart initiated post-judgment action against him. To satisfy the judgment, Defendants levied the BB&T Bank account of The Cowtown Foundation, Inc., an organization Plaintiff serves as President. Plaintiff disputed that the bank account could be used to satisfy a personal judgment against him and filed suit in the Robertson County General Session Court contesting the lawfulness of the levy. The Robertson County General Session Court and the Robertson County Circuit Court held that the bank account was properly levied, and the Tennessee Court of Appeals upheld the lower court's determination.

2

Plaintiff's claims before this Court, although couched in constitutional terms, essentially challenge the state court determination that the levy of the bank account at issue was proper. Indeed, two of Defendant's objections to the Report and Recommendation appear to challenge the legal grounds of the state court decision by arguing that the state court improperly determined The Cowtown Foundation, Inc. was dissolved under Kentucky Law and incorrectly determined the levy was proper.

As discussed thoroughly by the Magistrate Judge, the Court does not have jurisdiction to hear a claim that, at its heart, is a challenge to a state court decision. The Rooker-Feldman Doctrine prohibits lower federal courts from exercising appellate review over state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Doctrine applies even if the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). In other words, if the claim can only succeed to the extent the state court wrongly decided the issues before it, the district court does not have jurisdiction. *Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002). Moreover, Plaintiffs claims are barred by res judicata. Plaintiff has previously litigated his claim that the Cowtown Foundation, Inc. bank account was improperly levied to satisfy a personal judgment against him. *See Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987) (res judicata prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit).

Having reviewed Plaintiff's claims *de novo*, the Court concludes that Plaintiff's claims, which are essentially challenging the state court decision regarding the levy of The Cowtown Foundation, Inc. bank account, are barred by the Rucker-Feldman Doctrine and *res judicata*. Furthermore, the Court agrees with the magistrate judge that Plaintiff fails to sufficiently plead

claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), or 15 U.S.C. § 1692k and those claims should be dismissed. Because the Court dismisses Plaintiff's federal claims, the Court has not evaluated Plaintiff's state law claims and declines to exercise pendent jurisdiction.

### III. CONCLUSION

The Court has reviewed the Report and Recommendation and concludes that it should be adopted and approved. Accordingly, Defendants' Motions to Dismiss are **GRANTED**. All pending motions are **MOOT**. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE